IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                                                     PLAINTIFF

v.                                              Civil No. 4:21-cv-04069

MS. CONNIE MITCHELL, Miller County Prosecuting Attorney;
CHIEF ROBERT HARRISON, Chief Texarkana, Arkansas
Police Department; JOHN DOE OFFICERS, Texarkana,
Arkansas Police Department; SERGENT HENDERSON,
Miller County, Arkansas; and NURSE KING, Miller
County, Arkansas                                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Ron Wesley Hayes pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff is currently an inmate in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. He filed his original Complaint on October 20, 2021. (ECF No. 1). That same day the Court ordered Plaintiff to file an Amended Complaint to clarify his claims and apply to proceed *in forma pauperis* ("IFP") by November 10, 2021. (ECF No. 2). On November 5, 2021, Plaintiff filed an Amended Complaint and his IFP application. (ECF Nos. 4, 5). Plaintiff's IFP application was granted that same day. (ECF No. 6).

On November 22, 2021, the Court ordered Plaintiff to file a Second Amended Complaint to clarify his claims and identify the Defendants. (ECF No. 8). Plaintiff filed a Second Amended Complaint on December 14, 2021, and names the following individuals as Defendants: Robert Harrison – Chief of the Texarkana Arkansas Police Department; John Doe Officer – Officer with the Texarkana Arkansas Police Department; Connie Mitchell - a Prosecuting Attorney; Sergeant Henderson – an Officer with the MCDC; and Nurse King – a nurse working at the MCDC employed by Southern Health Partners Inc. ("SHP"). (ECF No. 9, pp. 2-3).

Plaintiff states he is in jail awaiting trial on pending criminal charges and "in on false charges". (ECF No. 9, p. 3). Plaintiff is suing Defendants in both their individual and official capacities. *Id.* at pp. 4-6. He is seeking compensatory and punitive damages. *Id.* at p. 7. He also specifically asks that, "These false said charges to be taking off my records also. Also that Doctor bills be paid also for the officers to pay me for baken my face in for all this time I have done for no reason. $1,000,000.00". *Id.*

In Claim One Plaintiff alleges a "T.A.P.D. Officer name I don't know broke my face it was one male officer, excessive force." He states the incident occurred in "2019, in the month of March or April, 23, to the end of one of these months records will show." (ECF No. 9, p. 4). When asked to describe his official capacity claim he states, "false improisment, excessive, denial of medical". *Id.* at p. 5.

In Claim Two, Plaintiff alleges he was denied "medical care in the said months March or April starting 23. Bettew to the ending in one of these moths…my face was broken by the T.A.P.D. Officer it was excessive force". (ECF No. 9, p. 5). He describes the acts or omissions as "denial of medical denialing to pay for my surgery for braken my face" but does not identify any individual as a Defendant responsible for the alleged violation of his rights. *Id.* Plaintiff describes his official

capacity claims as follows, "There hurting me was not cause for it was excessive force. Then to denial of medical no that my face was broken by them came back and falsely charging me 3 felonys charges I never commit is unlawfull." *Id.* at p. 6.

In Claim Three, Plaintiff states "indeed it was excessive force, uncause for also denial of medical". (ECF No. 9, p. 6). He goes to state the incident occurred in March or April and "I never new the officer that broke my face was a T.A.P.D. officer the officer that took me to the hospital". *Id.* He goes on to state:

> one T.A.P.D. officer broke my face. His Chief at the time was Robert Harrison who denial me medical care, then false charging me criminal charges Nurse King do false paper work to prolong the face surgery sending me to the wrong Doctor Stg, Henderson slaming me to floor causeing me to have the second surgery Prosecuting Attorney Connie Mitchell joining with Chief Harrison on all false said charge.

*Id.* He describes his official capacity claim as, "Custom it is against the laws to excessive or to use excessive forces when I never tried to figth the officers at all then to lock me up holding me against my will is very unlawfull then charging me things I never done." *Id.* at p. 7.

## II.  APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less

3

stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 43 U.S.C. § 1983, a plaintiff must allege (1) each defendant acted under color of state law, and (2) he or she violated a right secured by the constitution. *West v. Atkins,* 487 U.S. 42 (1988); *Dunham v. Wadley,* 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A. Excessive Force – Defendants John Doe and Henderson

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Plaintiff alleges a John Doe officer with the Texarkana Police Department used excessive force against him in March or April of 2019 when the officer "broke his face". In addition, Plaintiff alleges Defendant Henderson used excessive force against him when he "slaming me to floor causing me to have the second surgery". The court finds Plaintiff has alleged plausible claims for excessive force against Defendants John Doe and Henderson.

#### B. Defendant Harrison

Plaintiff alleges Defendant Harrison was responsible for Defendant John Doe police officer's use of force against him in March or April of 2019 because he was the Chief of the

4

Texarkana Arkansas Police Department. He also claims Defendant Harrison denied him medical care and was responsible in part for the filing of false charges against him.

General responsibility for supervising a detention center [or police department] is insufficient to establish personal involvement. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted).

Plaintiff has not alleged Defendant Harrison was personally involved in any use of force against him. Accordingly, Plaintiff has failed to state a claim against him, and I recommend all claims based on excessive force be dismissed against Defendant Harrison without prejudice.

Plaintiff also alleges Defendant Harrison "denied me medical care". (ECF No. 9, p. 6). However, he does not describe what Defendant Harrison did or failed to do which allegedly denied him medical care. In determining whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 566 U.S. 662 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. A plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* Plaintiff was given two opportunities to amend his complaint to clarify his claims and state what Defendant Harrison did to violate his rights. Plaintiff's allegation regarding denial of medical care is nothing more

5

than a legal conclusion which is not supported by any facts. Accordingly, I recommend Plaintiff's claim against Defendant Harrison for denial of medical care be dismissed without prejudice.

Likewise, Plaintiff's allegations regarding the filing of false charges fails to state a claim upon which relief can be granted. As previously stated, Plaintiff was given two chances to amend his complaint to state facts to support his claims. In his Second Amended Complaint, Plaintiff does nothing more than state legal conclusions that Defendant Harrison filed false criminal charges against him. He does not explain what the alleged "false charges" were, when they were filed, where they were filed, or how Defendant Harrison was involved in the filing of the charges. Accordingly, Plaintiff has failed to state any claim against Defendant Harrison for filing false charges against him and I recommend this claim be dismissed without prejudice.

### C. Defendant Mitchell

Defendant Mitchell is identified by Plaintiff as a prosecutor who "joining with Chief Harrison on all false said charge". (ECF No. 9, p. 6). Not only has Plaintiff failed to state a viable claim as previously discussed, but Plaintiff's claims against Defendant Mitchell must be dismissed because as a prosecutor she is immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

Plaintiff fails to allege Defendant Mitchell engaged in any conduct other than actions taken in connection with her duties as a prosecuting attorney during the judicial phase of Plaintiff's criminal case. Accordingly, Defendant Mitchell is entitled to absolute immunity and the claims against her should be dismissed with prejudice.

### D. Defendant King

Plaintiff alleges Defendant King denied him adequate medical care after the 2019 excessive force incident when he "false paper work to prolong the face surgery sending me to the wrong Doctor". (ECF No. 9, p. 6). Jail officials violate the Due Process Clause of the Fourteenth Amendment when they exhibit deliberate indifferent to a pretrial detainee's objectively serious medical needs. *See Ivey v. Audrain Cnty., Mo.,* 968 F.3d 845, 848 (8th Cir. 2020). To succeed on this type of claim, a plaintiff must demonstrate he had an objectively serious medical needs and the defendant actually knew of but deliberately disregarded that need. *Id.* (citing *Morris v. Cradduck,* 954 F.3d 1055, 1058 (8th Cir. 2020)). The Court finds Plaintiff has alleged a plausible claim for denial of medical care against Defendant King in connection with denial of medical care after the 2019 alleged excessive force incident.

### E. Official Capacity Claims

Plaintiff also sues Defendants in their official capacities. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants Harrison and John Doe Police Officer are treated as claims against the City of Texarkana, Arkansas; Plaintiff's claims against Defendant Henderson are claims against Miller County, Arkansas; Plaintiff's claims against Defendant Mitchell are claims against the State of Arkansas; and Plaintiff's claims against Defendant King are claims against his employer – SHP. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity [or employer]." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged or described any policy, practice, or custom of Miller County, the City of Texarkana Arkansas, the State of Arkansas, or SHP that contributed to a violation of Plaintiff's constitutional rights. Moreover, the State of Arkansas is immune from suit. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004).

Accordingly, Plaintiff has failed to state any official capacity claims against Defendants and those claims should be dismissed without prejudice.

### IV.     CONCLUSION

For the reasons stated above, I recommend: 1) Plaintiff's individual capacity claims and official capacity claims against Defendants Harrison and Mitchell be **DISMISSED WITHOUT PREJUDICE;** 2) Plaintiff's official capacity claims against Defendants John Doe, Henderson, and King be **DISMISSED WITHOUT PREJUDICE**; 3) Plaintiff's individual capacity claims for excessive force against Defendants John Doe and Defendant Henderson proceed; and 4) Plaintiff's individual capacity claim for denial of medical care against Defendant King proceed.

By separate orders the Second Amended Complaint will be served on Defendant John Doe, Defendant Henderson, and Defendant King.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**IT IS SO ORDERED** this 12th day of January 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE