IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                                                        PLAINTIFF

v.                                           Civil No. 4:21-cv-04069

MS. CONNIE MITCHELL, Miller County Prosecuting Attorney;
CHIEF ROBERT HARRISON, Chief Texarkana, Arkansas
Police Department; JOHN DOE OFFICERS, Texarkana,
Arkansas Police Department; SERGENT HENDERSON,
Miller County, Arkansas; and NURSE KING, Miller
County, Arkansas                                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Ron Wesley Hayes pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Before the Court is Plaintiff's Motion to Challenge Criminal Charges. (ECF No. 13). The Court construes the motion as one to supplement his Amended Complaint. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

Plaintiff is currently an inmate in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. He filed his original Complaint on October 20, 2021. (ECF No. 1). That same day the Court ordered Plaintiff to file an Amended Complaint to clarify his claims and apply to proceed *in forma pauperis* ("IFP") by November 10, 2021. (ECF No. 2). On November 5, 2021, Plaintiff filed an Amended Complaint and his IFP application. (ECF Nos. 4, 5). Plaintiff's IFP application was granted that same day. (ECF No. 6).

On November 22, 2021, the Court ordered Plaintiff to file a Second Amended Complaint to clarify his claims and identify the Defendants. (ECF No. 8). Plaintiff filed a Second Amended Complaint on December 14, 2021, naming the following individuals as Defendants:  Robert

1

Harrison – Chief of the Texarkana Arkansas Police Department; John Doe Officer – Officer with the Texarkana Arkansas Police Department; Connie Mitchell - a Prosecuting Attorney; Sergeant Henderson – an Officer with the MCDC; and Nurse King – a nurse working at the MCDC who is an employee of Southern Health Partners Inc. ("SHP"). (ECF No. 9, pp. 2-3). Plaintiff states he is in jail awaiting trial on pending criminal charges and "in on false charges". *Id.* at p. 3.

On January 1, 2022, the Court entered a Report and Recommendation recommending: 1) Plaintiff's individual capacity claims and official capacity claims against Defendants Harrison and Mitchell be dismissed without prejudice; 2) Plaintiff's official capacity claims against Defendants John Doe, Henderson, and King be dismissed without prejudice; 3) Plaintiff's individual capacity claims for excessive force against Defendants John Doe and Defendant Henderson proceed; and 4) Plaintiff's individual capacity claim for denial of medical care against Defendant King proceed. (ECF No. 17).

In the instant motion, Plaintiff states in part:

> …im serveing a 5 year Sec on 3 false said charges that I only ask and pray before the said Courts in Judge that's presiding over my case that on the felony charges that I been charge by Miller County prosecuting Attorney Connie Mitchell and was Chief Robert Harrison who falsefully charge me on crims I never commit…I was over a friends house by the name Marcus Hine's he want drugs we had none so he beat me with a large stick cross my head in went to his bedroom clost grabbing a white sack I then grab him holding him crying asking him to please so he wouldn't stop as his mother came to his room door I ask her to please tell him to stop he would'not stop so I beg her to call 911 She would'not in till I call on the name of God in pulled the sack from his hands then she dile 911 I then send 1 officer pulling up I then started to walk to Marcus Hine's door laying what was in the sack on his porch the officer then drew his wepon I then told him this man had almost killed me I crying at this time to more officers had pulled up a woman and a man so it was three officer in all so one as I can remember the other male officer call on intercom telling Ms. Hine's to come out side as he did I call for the officers to get the wepon before he kill all of us the lady officers pulled the sack with her foot I Ron Hayes begain to thin the T.A.P.D. officers as one of the officers begain talking to Mr. Hine's he then as I remumber made I call on his cell phone as I set thinking what hospital I was going to I was then told I was being charge for his gun I was took to Miller County Ark bookin the next day I was charge with agervated assault I made bond…later in the month of July. 15th then a day later T.A.P.D. came in charge me with 2nd degree battery on Courtroombaily in there officers it make

> nosencs why im doing time taking away from my kids in wife being my drug problems have pass well the attorney for Miller corst me into taking probation that trun into to time because I dind't have the money to pay so all im asking is the Records and bodycams dascams and the Courtroomcams be subpoena/request documents that he evidence will clearly show I am a innetns man held against my will that I never commit these crims also a copy of Miller County Motions of Discovery be subpoena it will also show that all charge that I been charge is all false.

(ECF No. 13).

## II. DISCUSSION

In the instant motion Plaintiff seeks to add claims against Defendants Harrison and Mitchell for falsely charging him on felony state law crimes. He also seems to argue his parole was unlawfully revoked.[1]

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 43 U.S.C. § 1983, a plaintiff must allege (1) each defendant acted under color of state law, and (2) he or she violated a right secured by the constitution. *West v. Atkins,* 487 U.S. 42 (1988); *Dunham v. Wadley,* 195 F.3d 1007, 1009 (8th Cir. 1999).

Plaintiff is barred from bringing the claims presented in the instant Motion until his conviction is invalidated by the highest state court or a federal *habeas* proceeding. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek relief pursuant to § 1983 which would undermine or potentially invalidate his criminal charges, convictions, and subsequent confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411

---

[1] Although Plaintiff mentions false charges being brought against him in his Amended Complaint, he did not provide enough information about his charges or conviction for the Court to specifically address these claims using an analysis based on *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 9). Instead, the Court recommended the claims against Defendants Harrison be dismissed because he failed to describe how Harrison was involved in bringing the charges, what the charges were, and whether Plaintiff was convicted. (ECF No. 17, p. 6). The Court also dismissed the claims against Defendant Mitchell because as a prosecutor she is immune from suit.

U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

In addition, if Plaintiff is attempting to assert a claim based on revocation of his parole, it is well settled inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions…" *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest).

### III. CONCLUSION

For the reasons stated above, I recommend Plaintiff's Motion to Challenge Criminal Charges (ECF No. 13) which the Court construes as a Motion to Supplement His Amended Complaint, be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this 28th day of January 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE