IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                                              PLAINTIFF

v.                                                         Civil No. 4:21-cv-4069

MS. CONNIE MITCHELL, Miller
County Prosecuting Attorney;
CHIEF ROBERT HARRISON, Chief
Texarkana, Arkansas Police Department;
JOHN DOE OFFICERS, Texarkana,
Arkansas Police Department;
SERGEANT HENDERSON, Miller
County, Arkansas; and NURSE KING,
Miller County, Arkansas                                                                       DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed on January 12, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 17).  Judge Bryant conducted a preservice screening of Plaintiff Ron Wesley Hayes' complaint and now recommends that the Court dismiss some of Plaintiff's claims pursuant to 28 U.S.C. § 1915A.  Plaintiff objects.  (ECF Nos. 25, 26).

## I. BACKGROUND

Plaintiff, an inmate in the Miller County Detention Center, filed this civil rights lawsuit on October 20, 2021, pursuant to 42 U.S.C. § 1983.  That same day, the Court ordered him to file an amended complaint to clarify his claims.  Plaintiff did so on November 5, 2021.  On November 22, 2021, the Court ordered Plaintiff to file a second amended complaint to further clarify his claims and identify the Defendants to the case.  Plaintiff did so on December 14, 2021.

In short, Plaintiff alleges that Defendant John Doe and Defendant Henderson each used excessive force on him on separate occasions, the former breaking his face in either March or April

2019, and the latter slamming him to the floor at an unspecified time, causing him to need surgery. Plaintiff alleges that Defendant Harrison was responsible for the officers' use of excessive force, that Defendant Harrison denied him medical care by refusing to pay for surgery for the injuries he sustained from the excessive force, and that Defendant Harrison conspired with Defendant Mitchell and unspecified police officers to falsely charge Plaintiff with crimes he did not commit. Plaintiff also alleges that after the 2019 excessive-force incident, Defendant King intentionally filed incorrect paperwork to send him to the wrong doctor and delay his access to medical care. Plaintiff proceeds against all Defendants in their individual and official capacities and seeks money damages and the removal of the criminal charges from his record.

Judge Bryant conducted a preservice screening of Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A(a) and then issued the instant Report and Recommendation, making three recommendations. First, he recommends that the Court dismiss Plaintiff's individual capacity claims against Defendants Harrison and Mitchell without prejudice. Second, he recommends that Plaintiff's official capacity claims against all Defendants be dismissed without prejudice. Third, he recommends that the Court allow Plaintiff's individual capacity claims against Defendants John Doe, Henderson, and King to remain for service. Plaintiff filed two sets of objections, primarily arguing that his claims against Defendant Harrison should remain.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review

of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

For clarity's sake, the Court will begin by addressing the recommendations for Plaintiff's individual capacity claims, grouped by Defendant. Then the Court will address Plaintiff's official capacity claims against all Defendants.

### A. Individual Capacity Claims Against Defendants John Doe and Henderson

Judge Bryant finds that Plaintiff alleged sufficient facts to state viable excessive force claims against Defendants John Doe and Henderson in their individual capacities. The Court agrees.

When an excessive force claim arises in the context of an arrest, it is most properly characterized as one invoking the protections of the Fourth Amendment. *See Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). To evaluate an excessive force claim under the

Fourth Amendment, a court must consider whether the force was objectively reasonable under the circumstances, "rely[ing] on the perspective of a reasonable officer present at the scene rather than the '20/20 vision of hindsight.'" *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012) (quoting *Graham v. Connor*, 490 U.S. 386 (1989)).

Plaintiff alleged that Defendant John Doe broke his face when he was not resisting. Accepting those allegations as true, as the Court must at this stage, Plaintiff has adequately pleaded an excessive force claim against Defendant John Doe. Similarly, Plaintiff alleged that Defendant Henderson slammed him to the floor when he was not attempting to fight back, requiring him to need surgery. That is sufficient at this stage to state a claim against Defendant Henderson. Plaintiff's individual capacity claims against Defendants John Doe and Henderson shall remain for service.

### B. Individual Capacity Claims Against Defendant Harrison

Judge Bryant finds that Plaintiff failed to allege facts establishing a causal link between Defendant Harrison and the alleged use of force against Plaintiff and the alleged refusal to pay for Plaintiff's medical care. Judge Bryant also finds that Plaintiff only offered conclusory allegations that Defendant Harrison conspired with others to falsely charge him with crimes. Thus, Judge Bryant recommends that the Court dismiss Plaintiff's individual capacity claims against Defendant Harrison.

Plaintiff objects, appearing to state that he had some sort of previous interaction with Defendant Harrison that resulted in Plaintiff filing an unspecified complaint. He also states that unspecified officers told him that Defendant Harrison directed them to arrest him for committing certain crimes that Plaintiff claims he did not commit. He states that he feels that Defendant Harrison made the decision to refuse paying for his facial medical bills.

The problem with Plaintiff's newly offered allegations is that he may not assert arguments, claims, or legal theories in his objections to Judge Bryant's report and recommendation that were not first presented to Judge Bryant for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). "[T]he purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). To hold otherwise would effectively give a party "two opportunities for judicial review." *Id.*

The newly raised allegations in Plaintiff's complaint regarding officers telling him that Defendant Harrison directed them to falsely arrest him are insufficient because they were not first presented to Judge Bryant and because they are too speculative to state a claim upon which relief can be granted. Plaintiff's unsupported belief that Defendant Harrison made the decision to refuse paying for his medical bills is too speculative to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court agrees with Judge Bryant that the allegations in Plaintiff's second amended complaint fail to state an individual capacity claim against Defendant Harrison upon which relief can be granted. Those claims will be dismissed.

**C. Individual Capacity Claims Against Defendant Mitchell**

Judge Bryant finds that Plaintiff failed to state a cognizable claim against Defendant Mitchell in her individual capacity because she is entitled to absolute prosecutorial immunity. Plaintiff sparingly mentions Defendant Mitchell in his objections, only saying that she worked

with Defendant Harrison to falsely charge him with crimes and that she would not offer him low bail after he had been arrested.

A prosecutor enjoys absolute immunity from suit under section 1983 for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006); *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987).

"Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). However, prosecutors do not enjoy absolute immunity from suits for damages arising out of functions performed outside the role of advocate. *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013).

The Court agrees with Judge Bryant that Defendant Mitchell is entitled to prosecutorial immunity on Plaintiff's individual capacity claims against her. His allegations concern her initiation and pursuit of criminal prosecution, along with other conduct intimately associated with the judicial process, such as asking for heightened bail. Because these allegations concern actions allegedly taken in Defendant Mitchell's role as a prosecutor, Plaintiff's individual capacity claims against her will be dismissed.

6

### D. Individual Capacity Claim Against Defendant King

Judge Bryant finds that Plaintiff alleged sufficient facts to state a viable deliberate indifference claim against Defendant King in his individual capacity. The Court agrees.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). The deliberate-indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the . . . officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (alterations in original).

Plaintiff alleged that when he was in custody with a broken face and required facial surgery, Defendant King intentionally filed incorrect paperwork to send him to the wrong doctor and delay his access to medical care. Taking these allegations as true at this stage, this is enough to state a claim upon which relief can be granted. Plaintiff's individual capacity claim against Defendant King will remain for service.

### E. Official Capacity Claims

Judge Bryant finds that Plaintiff failed to state an official capacity claim against any Defendant because he did not allege the existence of any policy, practice, or custom of any Defendant's employer that contributed to a constitutional violation. Plaintiff does not address this finding in his objections.

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims are treated as claims against each Defendant's respective employing governmental entity. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish liability under section 1983, a "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged the existence of an official custom, policy, or practice of any Defendant's employing governmental entity that caused a deprivation of his rights. His complaint and objections only repeat the allegations made for his individual capacity claims, none of which involve a custom, policy, or practice of violating constitutional rights. Thus, Plaintiff's official capacity claims will be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

Upon *de novo* review of all issues related to Plaintiff's specific objections and finding no clear error on the face of the record for all issues that were not objected to, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 17) for the above-stated reasons.

Plaintiff's individual capacity claims against Defendants Harrison and Mitchell are hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. Plaintiff's official capacity claims against all Defendants are likewise **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. Plaintiff's individual capacity claims against Defendants John Doe, Henderson, and King remain for service.

**IT IS SO ORDERED**, this 24th day of February, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge