IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                                                   PLAINTIFF

v.                                              Civil No. 4:21-cv-4069

JOHN DOE OFFICERS, Texarkana,
Arkansas Police Department;
SERGEANT HENDERSON, Miller
County, Arkansas; and NURSE KING,
Miller County, Arkansas                                                                        DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on January 28, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 22). Judge Bryant recommends that the Court deny Plaintiff Ron Wesley Hayes' Motion to Challenge Criminal Charges. (ECF No. 13). Plaintiff objects. (ECF No. 28).

**I. BACKGROUND**

Plaintiff filed this civil rights lawsuit on October 20, 2021, pursuant to 42 U.S.C. § 1983. He filed a second amended complaint on December 14, 2021. In short, he alleges that certain Defendants used excessive force on him, that certain Defendants were deliberately indifferent to his serious medical needs, and that certain Defendants conspired to falsely charge him with crimes he did not commit. Plaintiff is currently incarcerated in the Miller County Detention Center.

On January 10, 2022, Plaintiff filed a Motion to Challenge All Criminal Charges. (ECF No. 13). Plaintiff reiterates his claim that Defendants Harrison and Mitchell charged him with two crimes that he did not commit and asks the Court to subpoena camera footage and documents to show he is innocent of the crimes he was charged with.

On January 28, 2022, Judge Bryant issued the instant Report and Recommendation. Noting that Plaintiff's second amended complaint provided few details about the circumstances leading to Plaintiff's alleged false arrests, Judge Bryant construes the instant motion as seeking leave to amend or supplement his complaint to include those allegations. Judge Bryant finds that Plaintiff's proposed claims of false imprisonment would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge Bryant notes that Plaintiff might also be asking to add a claim that his parole was unlawfully revoked, which Judge Bryant finds would fail because inmates do not have a constitutionally protected liberty interest in the possibility of parole. Thus, Judge Bryant recommends that the Court deny the motion. In his objections, Plaintiff largely reiterates his description of the events leading to his two alleged false arrests and does not discuss Judge Bryant's *Heck* analysis or otherwise dispute Judge Bryant's recommendations.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally,

2

"objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

Although the Court believes that Plaintiff failed to specifically object to Judge Bryant's analysis, the Court will liberally construe the objections and conduct a *de novo* review. Plaintiff's motion seeks to challenge the validity of his criminal charges, contending that Connie Mitchell and Robert Harrison worked together to charge him with crimes he did not commit. The Court previously dismissed Plaintiff's claims against Mitchell and Harrison. Thus, the Court construes Plaintiff's motion as seeking to amend or supplement his complaint. The Court also notes that Plaintiff's objections ask the Court to issue him a writ of habeas corpus. This request was not raised in the formal motion, but the Court will consider the request as an alternative interpretation of Plaintiff's motion.

Except in cases where a party may amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is typically given liberally, but certain instances present good cause for denial, such as futility of amendment. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). A proposed amendment is futile if it could not survive a Rule 12 motion to dismiss. *See In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To bring a claim for money damages for an illegal arrest, Plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff has not alleged or provided any evidence that his convictions have been invalidated by the highest state court or in a federal habeas proceeding.  Thus, Plaintiff's proposed claims seeking money damages for alleged unlawful arrests would be *Heck*-barred because a judgment in favor of him on those claims would necessarily imply the invalidity of his conviction or sentence.  *Roe v. Graham*, No. 2:09-cv-98-DPM, 2010 WL 4916328, at *1 (E.D. Ark. Nov. 23, 2010).  As such, Plaintiff's proposed amendment would be futile and will not be allowed.

To the extent that Plaintiff attempts to add a claim related to an alleged wrongful revocation of his parole, that fares no better.  Prisoners have no constitutionally protected liberty interest in the possibility of parole and the Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions.  *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007).  Because Plaintiff has no cognizable liberty interest in the possibility of parole, his proposed amendment adding a claim of wrongful parole revocation would be futile and will not be allowed.

As for Plaintiff's request that the Court issue him a writ of habeas corpus, this case cannot proceed as both a habeas corpus case and an action for money damages under section 1983.  The remedy of release from custody is not cognizable in an action brought pursuant to 42 U.S.C. § 1983, like this case.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Rather, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he

seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* "Similarly, a claim by a prisoner for damages under 42 U.S.C. § 1983 is not cognizable under 28 U.S.C. § 2254." *Ivey v. Gibson*, No. 4:07-cv-3242, 2008 WL 1960140, at *1 (D. Neb. May 2, 2008). Because those two types of relief are mutually exclusive, if Plaintiff seeks to obtain a writ of habeas corpus, he must do so by filing a separate habeas case against the proper respondent, pursuant to 28 U.S.C. § 2254, after first exhausting his state court remedies.

### III.  CONCLUSION

Upon *de novo* review of all issues related to Plaintiff's specific objections and finding no clear error on the face of the record for all issues that were not objected to, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 22) for the above-stated reasons. Plaintiff's motion (ECF No. 13) is hereby **DENIED**.

**IT IS SO ORDERED**, this 24th day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge