FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jan 26, 2023
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                                                  PLAINTIFF

v.                                            Civil No. 4:21-cv-04069

SERGENT HENDERSON, Miller County,
Arkansas; NURSE KING, Southern Health
Partners; CORPORAL DILLON MCCRAY,
Texarkana, Arkansas, Police Department (TAPD);
OFFICER CLAUDIA PHELPS, TAPD; and
OFFICER PAYTON HARRIS, TAPD                                                               DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Ron Wesley Hayes ("Hayes") pursuant to 42 U.S.C. § 1983. Hayes proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

At all times relevant to this case, Hayes was detained in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. Hayes contends that while incarcerated in the MCDC, Nurse King denied him adequate medical care.[1] Hayes is now incarcerated in the Pine Bluff Unit of the Arkansas Division of Correction.

The case is before the Court on the Motion for Summary Judgment (ECF No. 61) filed by Separate Defendant Nurse Stephen King, an employee of Southern Health Partners ("SHP").[2] Hayes has responded (ECF Nos. 73 & 74) to the Motion. The Motion is ready for decision.

---

[1] The Court will not address Hayes' claims against the remaining Defendants in this report and recommendation. The official capacity claims against Nurse King were dismissed. (ECF No. 31).

[2] The remaining Defendants have also filed summary judgment motions. However, Hayes has been given until January 31, 2023, to respond to those motions.

1

## I.  BACKGROUND

The Second Amended Complaint (ECF No. 9) is the operative complaint.  In it, Hayes generally alleges he was denied medical care.  *Id.* at 5-6.  Specifically, he alleges Nurse King completed false paperwork and sent him to the wrong doctor thus delaying his facial surgery.  *Id.*  The summary judgment record reveals the following.

Hayes was booked into the MCDC on April 18, 2019, on pending criminal charges and a hold for another agency. (ECF No. 61-2 at 1).[3]  On the medical screening and intake questionnaire, when asked if he had any serious medical conditions that required attention, Hayes indicated he had broken facial bones and hypertension.  *Id.* at 2.  By affidavit, Nurse King states Hayes "did not request pain relievers or further evaluation of his facial bones." (ECF No. 61-1 at 1).  Hayes maintains this is false and that "[o]fficer logs, as well as other medical staff, can verify that upon several occasions I requested and received pain relievers while at the same time, asking for follow-ups by the RN, Steven King, for re-evaluation of my medical needs." (ECF No. 74 at 1).

On the SHP form containing physician's orders, notes indicate that on April 22, 2019, Hayes was sent for a right-hand x-ray. (ECF No. 61-2 at 3).  On April 23rd, note was made that an appointment had been scheduled for Hayes with Dr. Byrne, an Ear Nose and Throat ("ENT") specialist, about the right side of Hayes' face. (ECF No. 61-2 at 3-4).  On April 30th, Nurse King noted that he had spoken with "Dr. Byrne's' nurse after [Hayes' appointment] and she stated they did not realize when we set the appointment it was for broken bones in his face.  They only do sinus issues." *Id.* at 6.  According to Nurse King, "at the time of Mr. Hayes' appointment, I was not aware that Dr. Byrne did not treat sinus fractures." (ECF No. 61-1 at 2).

---

[3] All citations to the summary judgment record are to the CM/ECF document and page numbers.

On May 1, 2019, Nurse King scheduled an appointment for Hayes to be seen by a maxillofacial specialist. (ECF No. 51-1 at 2); (ECF No. 61-2 at 5). Nurse King sent the St. Michaels discharge papers for Hayes to the Texarkana Oral & Maxillofacial Clinic. (ECF No. 61-2 at 5).

Additionally, on May 1, 2019, Nurse King wrote the following progress report:

> During chronic care clinic BP checks today, [Hayes] started accusing medical staff of lying and falsifying paperwork concerning his doctor's appointment for 4-30-19. [Hayes] was sent to an ENT doctor yesterday but they were unable to treat him. [Hayes] states Dr. Byrnes told him that we lied and falsified paperword in order to send him to the wrong doctor. I asked [Hayes] if he was really accusing us of setting him up an outside medical appointment with the wrong type of doctor intentionally in order to deny him medical care. He states "yes, y'all lied and set me up an appointment with the wrong type of doctor but that's ok, when the FBI comes to talk to me I'm going to tell them everything." I told [Hayes] we would not waste our time, money and effort just to set up an outside appointment with the wrong type of doctor. [Hayes] stated we're (medical staff) are all going to hell for this. [Hayes] told the two officers [who] brought him to the infirmary (Officers McLemore and Golden) he doesn't want to come to the infirmary any more because he doesn't want to deal with devils like us. I printed out a refusal which [Hayes] then refused to sign. Both officers signed the refusal as witnesses. [Hayes] removed from BP checks.

(ECF No. 61-2 at 7).

On May 2, 2019, an order was written for Ibuprofen 800 mg., twice a day, for ten days. (ECF No. 61-2 at 3). Hayes also requested to "continue blood pressure checks during his visit with the doctor." *Id.* at 10. No documentation regarding this doctor's visit was submitted.

On May 7, 2019, Hayes was seen by Dr. Brent Carmony at the Texarkana Oral & Maxillofacial Clinic. (ECF No. 61-2 at 10-11). On May 8th, Dr. Carmony's office requested the original images from Christus St. Michael. *Id.* at 11; (ECF No. 61-1 at 2). Nurse King drove to Christus St. Michael's imagining center and obtained the image disc and delivered it to Dr. Carmony's office. *Id.* That same day, Nurse King was informed by Robin Johns, Dr. Carmony's

office manager, that Hayes' CT scan showed no surgery was needed and the injury would heal itself. (ECF No. 61-2 at 12). It was also noted that no follow-up appointments were needed. *Id.*

## II. APPLICABLE LAW

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999). A fact is "material" if it may "affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United

4

States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) each defendant acted under color of state law, and (2) he or she violated a right secured by the constitution. *West v. Atkins,* 487 U.S. 42 (1988); *Dunham v. Wadley,* 195 F.3d 1007, 1009 (8th Cir. 1999).

Jail officials violate the Due Process Clause of the Fourteenth Amendment when they exhibit deliberate indifference to a pretrial detainee's objectively serious medical needs.[4] *See Ivey v. Audrain Cnty., Mo.,* 968 F.3d 845, 848 (8th Cir. 2020). To succeed on this type of claim, a plaintiff must demonstrate he had an objectively serious medical needs and the defendant actually knew of but deliberately disregarded that need. *Id.* (citing *Morris v. Cradduck,* 954 F.3d 1055, 1058 (8th Cir. 2020)).

The deliberate indifference standard includes "both an objective and a subjective component: '[Hayes] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need, Hayes must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,*

---

[4] Hayes' status is not entirely clear from his Second Amended Complaint. (ECF No. 9 at 3). Specifically, he indicates he is both in jail awaiting trial on pending criminal charges and in jail for other reasons. *Id.* In the area given for explanation, Hayes writes he is "in on false charges." *Id.* However, for purposes of this Motion, the Court will assume he is a pretrial detainee.

512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id.*

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Hayes maintains Nurse King deliberately delayed his surgery by sending him to the wrong specialist. In other words, Hayes contends Nurse King failed to provide the proper treatment at the proper time. The facts, viewed in the light most favorable to Hayes, indicate that after his incarceration he was provided with over-the-counter pain relievers. An appointment was made for him to see Dr. Byrne who indicated his ENT practice did not include care of facial bone fractures. Less than a week later, Hayes was seen by Dr. Carmony who concluded, after reviewing Hayes' CT scan, that he did not in fact need surgery.

When a plaintiff alleges a delay in medical treatment, the "objective seriousness of the deprivation should also be measured by reference to the *effect* of the delay in treatment." *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005)(emphasis in original)(cleaned up). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that these delays adversely affected his prognosis."

6

*Holden v. Hirner,* 663 F.3d 336, 342 (8th Cir. 2011)(cleaned up). Here, Hayes has offered no evidence establishing that any delay in treatment was either objectively serious or had a detrimental effect on his medical condition. He has therefore failed to raise a genuine issue of fact on an essential element of his claim. Nurse King is entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated above, it is recommended that Nurse King's Motion for Summary (ECF No. 61) be **GRANTED and all claims against Nurse King be DISMISSED WITH PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 26th day of January 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE