IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                        PLAINTIFF

v.                                        Case No. 4:21-cv-04069

SGT. HENDERSON, Miller County,
Arkansas; NURSE KING, Southern Health
Partners; CORPORAL DILLON MCCRAY,
Texarkana, Arkansas Police Department;
OFFICER CLAUDIA PHELPS Texarkana,
Arkansas Police Department; and OFFICER
PAYTON HARRIS, Texarkana, Arkansas
Police Department                                                     DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed on January 26, 2023, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

ECF No. 93.  Plaintiff Ron Wesley Hayes has objected.  ECF No. 99.  The matter is ripe for

consideration.

Plaintiff filed the instant action on October 20, 2021.  ECF No. 1.  He later filed a second

amended complaint, which now governs.  ECF No. 9.  Plaintiff named several police officers as

defendants, as well as prosecuting attorney Connie Mitchell and Nurse King.  Pursuant to 42

U.S.C. § 1983, Plaintiff brought false imprisonment, excessive force, and denial of medical care

claims against the named defendants.  ECF No. 9.  As is pertinent to Defendant King, Plaintiff

alleges that Defendant King falsified medical paperwork and purposefully referred Plaintiff to the

wrong doctor.

On August 2, 2022, Defendant King filed a motion for summary judgment.  ECF No. 61.

In that motion, Defendant King sets forth a timeline of Plaintiff's medical care, which is as follows:

on April 18, 2019, Plaintiff was booked in the Miller County Detention Center and reported broken facial bones; on April 23, 2019, a staff member scheduled an appointment for Plaintiff with an ear, nose, and throat (ENT) specialist; on April 30, 2019, Plaintiff visited the ENT specialist, but following Plaintiff's appointment, the ENT specialist informed Defendant King that Plaintiff needed to visit a maxillofacial specialist because an ENT specialist does not treat fractured bones; on May 1, 2019, Defendant King scheduled an appointment for Plaintiff with a maxillofacial specialist, who Plaintiff visited on May 7, 2019; and finally, on May 8, 2019, the maxillofacial specialist sent a letter to Defendant King and other nursing staff stating that Plaintiff did not require surgery because Plaintiff's injuries would heal on their own. *See* ECF Nos. 61, 61-2, 62. Defendant King argues that summary judgment is appropriate because he timely and diligently treated Plaintiff's broken facial bones, and although Plaintiff may disagree with the course of treatment that Defendant King selected, Plaintiff is not entitled to his choice of treatment.

Judge Bryant agrees with Defendant King and recommends granting Defendant King's motion for summary judgment and dismissing Plaintiff's claims against Defendant King with prejudice. Judge Bryant explains that, to succeed on his claims, Plaintiff must demonstrate that he had an objectively serious medical need and that Defendant King knew of, but deliberately disregarded, that need. Further, Judge Bryant explains that "[w]hen a plaintiff alleges a delay in medical treatment, the 'objective seriousness of the deprivation should also be measured by reference to the *effect* of the delay in treatment.'" ECF No. 93, at 6 (emphasis in original) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)). In Judge Bryant's view, Plaintiff has failed to raise a genuine issue of fact, "offer[ing] no evidence that any delay in treatment was either objectively serious or had a detrimental effect on his medical condition." ECF No. 93, at 7.

Plaintiff objects, claiming that Defendant King has been "taken to court over 20 times for medical neglect" and routinely delays medical care to inmates so that the Miller County Detention Center will not be required to pay for the cost of that medical care.  ECF No. 99.  Plaintiff further argues that he required surgery for his broken facial bones.  ECF No. 99, at 2 (arguing that he had "multiple facial bone fractures that required the use of itesative [sic] reconstruction technique as a matter of fact").  However, due to Defendant King's delay in arranging Plaintiff's appointment with the maxillofacial specialist, the maxillofacial specialist could no longer perform surgery on Plaintiff, as Plaintiff's facial bones had already begun to heal.

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020).  After reviewing a magistrate judge's R&R under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  If the prisoner "files timely and specific objections" to the magistrate's R&R, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted).  "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046.

Reviewing the instant case *de novo*, the Court finds that Plaintiff offers neither law nor fact requiring a departure from Judge Bryant's findings.  Plaintiff does not demonstrate that Defendant King deliberately disregarded an objectively serious medical need of Plaintiff.  Even when viewing the evidence in the light most favorable to Plaintiff, Defendant King is entitled to summary judgment.   Therefore, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*.   Defendant King's motion for summary judgment (ECF No. 61) is hereby **GRANTED**, and Plaintiff's second amended complaint (ECF No. 9) is hereby **DISMISSED WITH PREJUDICE**, insofar as it alleges claims against Defendant King.[1]

**IT IS SO ORDERED**, this 23rd day of February, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1]Two additional summary judgment are currently pending.  *See* ECF Nos. 81, 84.  The instant order has no effect on those pending motions or on Plaintiff's second amended complaint, insofar as the complaint brings claims against defendants other than Defendant King.