IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                    PLAINTIFF

v.                           Case No. 4:21-cv-04069

SGT. HENDERSON, Miller County,
Arkansas; CORPORAL DILLON MCCRAY,
Texarkana, Arkansas Police Department;
OFFICER CLAUDIA PHELPS Texarkana,
Arkansas Police Department; and OFFICER
PAYTON HARRIS, Texarkana, Arkansas
Police Department                                                      DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on April 5, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 104. Plaintiff Ron Wesley Hayes has objected. ECF No. 105. The matter is ripe for consideration.

**I. BACKGROUND**

Plaintiff filed the instant action on October 20, 2021. ECF No. 1. He later filed a second amended complaint, which now governs. ECF No. 9. Plaintiff named several police officers as defendants, as well as prosecuting attorney Connie Mitchell and Nurse King. Pursuant to 42 U.S.C. § 1983, Plaintiff brought false imprisonment, excessive force, and denial of medical care claims against the named defendants. ECF No. 9. On February 23, 2023, the Court adopted Judge Bryant's recommendation to grant Defendant Nurse King's motion for summary judgment and dismissed Plaintiff's claims against Defendant Nurse King. ECF No. 100. The Court noted that two additional motions for summary judgment were pending and explained that its dismissal of

Plaintiff's claims against Defendant Nurse King had no effect on the other summary judgment motions or on Plaintiff's claims against the other defendants. ECF No. 100, at 4 n.1.

In Judge Bryant's instant Report and Recommendation, he considers the other two motions for summary judgment mentioned in the Court's February 23 order, which were brought by Defendants Corporal Dylan McCrary, Officer Claudia Phelps, and Officer Payton Harris of the Texarkana Police Department (the TAPD Officers' Motion) (ECF No. 81) and by Defendant Sergeant Henderson of the Miller County Detention Center (Defendant Henderson's Motion) (ECF No. 84). ECF No. 104. Judge Bryant first recommends granting the TAPD Officers' Motion. ECF No. 104. Judge Bryant explains that Plaintiff fails to "make out" a constitutional violation and that the TAPD Officers are entitled to qualified immunity. ECF No. 104, at 7. Judge Bryant then recommends granting Defendant Henderson's Motion, finding that Plaintiff failed to exhaust his administrative remedies as against Defendant Henderson. ECF No. 104, at 11.

Plaintiff objects. ECF No. 105. Plaintiff first argues that Judge Bryant erred when he considered any version of the facts besides the version presented in Plaintiff's second amended complaint. In Plaintiff's view, "there is no genuine issue as to any material facts." ECF No. 105, at 1.[1] Plaintiff then "objects" and asks the Court to appoint an attorney to represent him. He states that despite repeatedly asking for an attorney, he has not been provided one. For the following reasons, the Court overrules Plaintiff's objections and adopts Judge Bryant's Report and Recommendation in its entirety.

---

[1] Although Plaintiff objects to Judge Bryant's recommendation that summary judgment is appropriate, he also argues that there is no dispute of material fact. ECF No. 105, at 1. The Court notes that Plaintiff is proceeding pro se and construes his argument to mean that Judge Bryant did not need to look beyond Plaintiff's complaint. ECF No. 105, at 1 ("[T]here is no genuine issue as to any material facts. When considering this report and recommendation the Judge need only to look at my complaint.").

## II. DISCUSSION

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether *pro se* objections are specific." *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046. Alternatively, if the plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at *2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at *1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021

WL 916925, at *3 (N.D. Iowa Mar. 10, 2021) (explaining that de novo review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)).

First, Plaintiff does not object to Judge Bryant's Report and Recommendation insofar as Judge Bryant recommends granting Defendant Henderson's Motion. Thus, reviewing Judge Bryant's recommendation as it pertains to Defendant Henderson for clear error and finding none, the Court adopts that recommendation *in toto*.[2]

Next, Plaintiff objects to the following portion of Judge Bryant's Report and Recommendation:

> Corporal McCrary interviewed Hines who stated that Hayes became irate after Hines stated he did not have access to any methamphetamine. Hines attempted to calm Hayes down but was unable to do so. When he attempted to leave the room, Hines reported that "Hayes grabbed him in a bear hug and started slinging him around. Hines[] headbutted Hayes in the face." Hayes then threw Hines to the ground and grabbed a handgun that was in the closet and pointed it at Hines.

ECF No. 104, at 3 (alteration in original) (citations omitted). Plaintiff explains that his "objection is in opposition to Hines'[s] version of the incident," before providing his own version of events. ECF No. 105, at 2. In his view,

> What really took place was the Mr. Hines picked me up from Walmart and eventually took me to his home. Hines began to argue with me because of his request for meth. He began moving toward a closet while making threats to cause bodily harm to me. At that time, I grabbed Mr. Hines from behind in a bear hug and began trying to dislodge a gun in a plastic bag from his hands in order to stop him[.] When the gun in the bag fell to the floor I immediately went for it to prevent Mr. Hines from acting on his threat that he was going to get his gun and get the methamphetamine from me.

---

[2]In his objections, Plaintiff does not mention Defendant Henderson and instead mentions only "Mr. Hines" and "the TAPD." ECF No. 105, at 2. Plaintiff does mention "law enforcement" generally. ECF No. 105, at 1 ("[I]t is well verified that law enforcement personnel will falsify documents in order to cover themselves. So of course everyone involved are going to have matching versions of what happened."). However, this is not specific enough to trigger de novo review of Judge Bryant's Report and Recommendation insofar as it pertains to Defendant Henderson.

ECF No. 105, at 2.  In Plaintiff's view, Judge Bryant should have looked only to the complaint and not elsewhere in the record.

However, at the summary judgment phase, a judge may look to the entire record, considering things like "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits."  *Kirklin v. United Parcel Serv.*, No. 4:03-cv-00985, 2005 WL 8164293, at *1 (E.D. Ark. Mar. 16, 2005) (quoting Fed. R. Civ. P. 56(c)).  Thus, pursuant to Federal Rule of Civil Procedure 56(c), Judge Bryant was allowed to look beyond the complaint itself.  Judge Bryant was required to view the facts in the light most favorable to Plaintiff, but he was not required to accept Plaintiff's version of the facts where other evidence in the record—namely, police narratives and incident reports—contradicts that version.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").  Moreover, as the non-moving party, Plaintiff must "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Kirklin*, 2005 WL 8164293, at *1.  He offers only a general recitation of his version of the facts.  This recitation pertains only to "Mr. Hines," an individual not named as a defendant in this action.  *See* ECF No. 105.[3]  Ultimately, the Court finds that Plaintiff does not offer law or fact requiring a departure from Judge Bryant's characterization of the facts, and the Court overrules Plaintiff's objection.

Plaintiff's final "objection" is a request for the Court to appoint counsel.  He states that "over and over, throughout these proceedings, [he has] attempted to have the Court to give [him] an attorney," but the Court has not yet appointed an attorney to him.  ECF No. 105, at 3-4.

---

[3]Plaintiff includes a recitation of facts from a separate, now-closed case.  ECF No. 9, at 8-12; *Hayes v. Harrison*, 4:21-cv-04071 (W.D. Ark. 2021).  However, the facts contained in that case are not currently before the Court.

"Generally, a party cannot raise arguments in its objections which were not previously raised before the magistrate judge. This is a legitimate concern, as the parties' objections to a Report and Recommendation cannot serve as an avenue to raise additional arguments to which the opposing party is not given the opportunity to respond." *Pankey v. W. Ark. Rock, Inc.*, No. 4:13-cv-04046, 2015 WL 11117922, at*2 (W.D. Ark. Mar. 5, 2015). Appointment of counsel was not an issue considered by Judge Bryant in his Report and Recommendation. *See* ECF No. 104. Thus, in accordance with *Pankey*, the Court overrules Plaintiff's "objection" regarding appointment of counsel.[4]

### III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Judge Bryant's Report and Recommendation (ECF No. 104) *in toto*. Accordingly, the TAPD Officers' Motion (ECF No. 81) and Defendant Henderson's Motion (ECF No. 84) are hereby **GRANTED**. Plaintiff's Second Amended Complaint (ECF No. 9) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] The Court notes that Plaintiff requested appointment of counsel on May 12, 2022, and on May 12, 2022, Judge Bryant denied that motion. ECF Nos. 49, 50. Plaintiff again requested appointment of counsel on June 29, 2022, and on June 30, 2022, Judge Bryant again denied Plaintiff's request. ECF Nos. 55, 56. Plaintiff requested the appointment of counsel for a third time on November 28, 2022, and Judge Bryant denied that request on December 1, 2022. In all three denials, Judge Bryant has cited 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (explaining that the district court has "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants" (citation omitted)).